UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| LLOYD WARD AND ASSOCIATES, P.C., § <br> AND LLOYD WARD § <br> § <br> Plaintiffs, § <br> § <br> v.  § <br> § <br> STEPHEN JEFFREY RHODE AND § <br> PAMELA RHODE D/B/A MYVESTA.ORG,§ <br> INC., MYVESTO.ORG, INC. § <br> MYVESTR.ORG, MYVESTA.ORG.UK, § <br> GETOUTOFDEBT.ORG INC., AND § <br> GETOUTOFDEBT.ORG, and MYVESTA § <br> FOUNDATION, a Delaware corporation, § <br> JOINTLY AND SEVERALLY, Defendants § | CASE NO. 6:11-cv-00531-LED |

**DEFENDANT MYVESTA FOUNDATION'S MOTION FORE LEAVE TO
EXCEED PAGE LIMITATIONS FOR MYVESTA'S REPLY TO PLAINTIFFS'
RESPONSE TO MYVESTA'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, FOR IMPROPER VENUE OR ALTERNATIVELY TO
TRANSFER VENUE AND FOR FAILURE TO STATE A CLAIM UPON
WHICH RELIEF MAY BE GRANTED AND ALTERNATIVELY,
MYVESTA'S RULE 12(e) MOTION FOR A MORE DEFINITE STATEMENT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Local Rule CV -7(a)(1) and (2) and to Local Rule CV-7(l), Defendant Myvesta Foundation ("Myvesta") moves this Court to permit Myvesta to exceed the page limitations (10) for Myvesta's Reply to Plaintiffs' Response to Myvesta's Rule 12(b) Motion to Dismiss for Lack of Personal Jurisdiction, for Improper Venue or Alternatively to Transfer Venue and for Failure to State a Claim Upon Which Relief May Be Granted and Alternatively, Myvesta's Rule 12(e) Motion for a More Definite Statement.

1. Myvesta's Reply is consists of 16 pages, and the body of the motion is approximately 14 pages long. Thus, the reply exceeds the page limit (10) provided by the Local Rules. As can be seen from Myvesta's original Rule 12 motion, numerous important issues are involved –

dismissal for personal jurisdiction, dismissal for improper venue, transfer of venue, dismissal for failure to state a claim upon which relief may be granted and a request for a more definite statement. Plaintiffs' response to that motion raised numerous facts and arguments on all of those issues. Myvesta was required to respond to all of those facts and arguments, including, without limitation, numerous false and misleading statements in Plaintiffs' response. Myvesta sought to make its reply as brief as possible, but the sheer number of things to which Myvesta had to respond caused the number of pages in the reply to exceed ten.  Myvesta has reviewed the reply carefully and does not believe that it can bring the reply within the ten page limitation without excising crucial facts and arguments.

2. In the interest of justice, Myvesta, therefore, seeks leave of this Court to exceed the page limit for its reply.

For these reasons, Myvesta prays that the Court grant leave to Myvesta to exceed the page limitations (10) for Myvesta's Reply to Plaintiffs' Response to Myvesta's Rule 12(b) Motion to Dismiss for Lack of Personal Jurisdiction, for Improper Venue or Alternatively to Transfer Venue and for Failure to State a Claim Upon Which Relief May Be Granted and Alternatively, Myvesta's Rule 12(e) Motion for a More Definite Statement and for all other relief to which it may be justly entitled.

PAUL A. HOFFMAN, P.C.

/s/     Paul A. Hoffman
Paul A. Hoffman
(TX Bar No. 09785800)

5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Telephone: (972) 380-2600
Facsimile: (972) 380-2620
paulhoff@earthlink.net

Counsel for Defendant Myvesta Foundation

## Certificate of Service

A true and correct copy of the above and foregoing motion was served on counsel for Plaintiff, Lloyd Ward, this 25th day of January, 2012.

/s/ Paul A. Hoffman
Paul A. Hoffman

## Certificate of Conference

Counsel has complied with the confer requirement in Local Rule CV-7(h), and the motion is opposed. Today, January 25, 2012, I spoke with Plaintiffs' counsel, Lloyd Ward, by telephone. I explained that I was requesting leave of court to exceed the page limitations provided by the Local Rules for Myvesta's reply as set forth above. Mr. Ward stated that he was opposed to my request. Therefore, the discussions have conclusively ended in an impasse leaving an open issue for the court to resolve.

/s/ Paul A. Hoffman
Paul A. Hoffman